

FILED
APR 20 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-22204-D-13L
) Docket Control No. WW-5
RONALD and MIKI COCKS, )
)
        Debtors. ) DATE: April 10, 2007
) TIME: 1:00 p.m.
_____) DEPT: D (Courtroom 34)

## MEMORANDUM DECISION ON APPLICATION FOR APPROVAL OF ATTORNEYS FEES AND COSTS PAYABLE

    Ronald and Miki Cocks ("Debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on March 1, 2005. Mark A. Wolff, Attorney at Law ("Counsel") has continuously acted as Debtors' attorney and this is Counsel's first fee motion. Through this fee motion (the "Motion"), Counsel seeks approval of $5,431.00 in fees and $61.84 in costs. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness pursuant to § 328 of the Code.

    Section 330 of the Code sets out the standard by which courts should determine the reasonableness of fees under Section 329 and reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003). Section 330(a)(3) of the Bankruptcy Code states that in determining the amount of reasonable compensation the court

should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases.

The court finds that Counsel's hourly rate ($225 per hour) is reasonable and the court does not have an issue with the quality of Counsel's services. The court does have concern regarding certain services that were charged by timekeepers labeled as "legal secretary/case manager" or "legal secretary/paralegal." In addition, the court has concern over certain charges for "review and approve" of work performed.

Specifically, Counsel's billing statements include the following time entries which are designated as "legal secretary/case manager":

1. On 2/17/05 LLG billed .8 hours ($80.00) for "Entered information re: creditors, assets, income and expenses into computer."

2. On 3/10/05 SK billed .2 hours ($20.00) for "Correspond to Client regarding Fee Agreement for signature."

3. On 3/18/05 TC billed .1 hours ($11.00) for "Input special notice request for Daimlerchrysler Service North America LLC."

4. On 3/31/05 LLG billed .1 hours ($10.00) for "Transmittal memorandum to client regarding letter from Sherry Gullett of Safe Credit Union, dated March 28, 2005 re cancellation of all banking services."

5. On 4/6/05 SK billed .2 hours ($45.00) for "Prepare and process to file and serve OCP."[1]

---

[1] Not only does this task appear to be secretarial in nature, but this is a "legal secretary" billing time at the rate

Case 05-22204   Filed 04/20/07   Doc 61

6. On 4/7/05 LLG billed .1 hours ($10.00) for "Transmittal memorandum to client regarding letter from Travis Credit Union dated March 17, 2005 re services with the Credit Union are now restricted."

7. On 4/8/05 LLG billed .2 hours ($20.00) for "Correspond with O/C with OCP for signature."

8. On 12/11/06 SK billed .2 hours ($20.00) for "Correspond with client regarding Amended cover sheet and Current Schedule I & J, mailed blank schedules for updating."

9. On 1/24/07 EM billed .8 hours ($100.00) for "Sent Filed copy of OCP WW-4 to trustee, ust and client."

The above-listed time entries appear to be for services secretarial in nature and therefore, non-compensable. Accordingly, the court will reduce the fee request by $316.00.

The time sheets in support of the Motion also show a number of instances where letters or correspondence were prepared by an attorney or other employee and their services were billed to the client. These letters were then reviewed by another attorney and this attorney's review time is again billed to the client.

1. On 3/22/05 MW billed .2 hours ($45.00) for "Review and approve correspondence with client's regarding: Letter, dated March 14, 2005 from Alvarado, Shapiro & Wilson, LLP re arrears owed to Wells Fargo Bank."

2. On 3/31/05 MW billed .1 hours ($22.50) for "Review/approve transmittal memorandum to client regarding: letter from Sherry Gullett of Safe Credit Union, dated March 28, 2005 re cancellation of all banking services."

/ / /

of $225 per hour.

1  / / /

2

3     3.   On 4/4/05 MW billed .2 hours ($45.00) for "Review/approve
4  correspondence with client's regarding: objection to Debtor's Motion
5  to Value Collateral from Safe Credit Union."
6     4.   On 4/7/05 MW billed .1 hours ($22.50) for "Review/approve
7  transmittal memorandum to client regarding: letter from Travis Credit
8  Union, dated March 17, 2005 re services with the Credit Union are now
9  restricted."
10     5.   On 12/22/05 MW billed .1 hours ($22.50) for "Review/approve
11  Transmittal memorandum with client's regarding: letter from Safe
12  Credit Union, dated December 9, 2005 re need proof of insurance for
13  2001 Chevrolet."
14     The court finds that the above-listed time entries are
15  duplicative or excessive and therefore, non-compensable.
16  Accordingly, the court will reduce the fee request by an additional
17  $152.50.
18     In light of the above deductions, Counsel's request for fees of
19  $5,431.00 will be reduced by $468.50 ($316.00 + $152.50) and the
20  court will allow fees of $4,962.50 and costs of $61.84 for a total of
21  $5,024.34.
22     A separate order will be entered consistent with this memorandum
23  decision.
24  Dated:   APR 2 0 2007         /s/ Robert Bardwil
25                                Robert S. Bardwil
                                  United States Bankruptcy Judge

## Certificate of Service

I certify that on APR 2 0 2007 a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Wolff
Wolff & Wolff
8861 Williamson Dr., Suite 30
Elk Grove, CA 95624

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
       Deputy Clerk